UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ECHO, INCORPORATED,            )
                               )
         Plaintiff,            )
                               )
    vs.                        )        08 C 7123
                               )
TIMBERLAND MACHINES &          )
IRRIGATION, INC.,              )
                               )
         Defendant.            )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Plaintiff Echo, Inc. ("Echo") to dismiss Counts II, III, and IV of the counterclaim of Defendant Timberland Machines & Irrigation, Inc. ("Timberland") pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the motion is granted.

## BACKGROUND

According to the allegations of the complaint, which we must accept as true for purposes for this motion, Echo and Timberland entered a distributor sales and service agreement on August 14, 2004. Under the terms of the agreement, Echo sold outdoor products to Timberland, who in turn resold the products as a non-exclusive distributor. After fulfilling a product shipment for purchase orders between August 1, 2008, and October 31, 2008, Echo filed suit alleging that Timberland breached the contract by

failing to pay for the products. To date, Echo claims that its damages amount to $3,400,306.97.

The complaint alleges the court has jurisdiction on the basis of diversity of citizenship; Echo is an Illinois corporation with its principal place of business in Lake Zurich and Timberland is Delaware corporation with its principal place of business in Connecticut. *See* 28 U.S.C. § 1332(a).

Timberland answered Echo's complaint and filed affirmative defenses and a counterclaim. The counterclaim alleges that Echo violated the Connecticut Franchise Act and Unfair Trade Practices Act. Moreover, it includes a count for unjust enrichment and breach of the implied covenant of good faith and fair dealing.

Timberland alleges that it acted as a franchisee to Echo and that Echo terminated the relationship without just cause, injuring Timberland's business. More specifically, Timberland claims that it invested capital in the form of a warehouse and computer software to comply with Echo's requests under the agreement. In Count II of the counterclaim, Timberland describes the termination and Echo's behavior as oppressive and immoral in violation of the Connecticut Unfair Trade Practices Act ("CUTPA"). Furthermore, in Count III, Timberland perceives that Echo will receive the benefit of increased sales by virtue of the business Timberland generated over the course of the agreement, which will unjustly enrich Echo. With regard to the breach of good faith

and fair dealing claim, Timberland asserts in Count IV that Echo terminated the agreement to steal Timberland's sales.

Echo filed the instant motion to dismiss for failure to state a claim on the basis that the parties agreed to adhere to Illinois law. In its motion, Echo particularly asserts that Timberland's claim under CUTPA is inapplicable. Moreover, it contends that the unjust enrichment claim and the breach of duty of good faith claim are legally insufficient under Illinois law.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss is used to test the legal sufficiency of a complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, a court must draw all reasonable inferences in favor of the plaintiff, construe allegations of a complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). To be cognizable, the factual allegations contained within a complaint must raise a claim for relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007). However, a pleading need only convey enough information to allow the defendant to understand

the gravamen of the complaint. *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir. 1999). With these principles in mind, we turn to Echo's motion.

## DISCUSSION

Echo moves to dismiss Counts II, III, and IV of Timberland's counterclaim on the basis that they fail to state cognizable claims. These counts assert claims for unfair trade practices under Connecticut law, unjust enrichment, and breach of good faith and fair dealing respectively.

### I. CUTPA

As an initial matter, the court must determine what law to apply in evaluating the parties' agreement. Echo asserts that Timberland's CUTPA claim should be dismissed on the basis that Illinois law governs the parties' agreement. A federal court presiding in a diversity action must apply the choice of law rules of the state in which it sits—in this case, Illinois. *See Tanner v. Jupiter Realty Corp.*, 433 F.3d 913, 915-16 (7th Cir. 2006). Under Illinois law, an express choice of law provision is given full effect as long as there is some relationship between the chosen forum and the parties and the choice of law does not contravene Illinois public policy. *Freeman v. Williamson*, 890 N.E.2d 1127, 1133 (Ill. App. Ct. 2008).

Illinois has a sufficient relationship to the parties because Echo is an Illinois corporation and the contract was executed here. Public policy considerations must be

strong and of a fundamental nature to justify overriding the chosen law of the parties. *Potomac Leasing Co. v. Chuck's Pub, Inc.*, 509 N.E.2d 751, 754 (Ill. App. Ct. 1987). Connecticut's public policy towards CUTPA claims does not warrant setting aside the litigants' choice of law in an agreement. *Pepe v. GNC Franchising, Inc.*, 750 A.2d 1167, 1169 (Conn. Super. Ct. 2000) (finding that the law of the state chosen by the parties will be applied unless either (a) the chosen state has no substantial relationship to the parties or (b) application of the law of the chosen state would be contrary to the fundamental policy a state that has a materially greater interest than the chosen state). Since stipulating to a choice of law provision in a contract is not expressly precluded by CUTPA and Timberland has not asserted that the application of Illinois law is contrary to the fundamental policy of Connecticut, the court gives effect to the parties' choice of Illinois law and dismisses the CUTPA claim.

## II. Unjust Enrichment

Next, Echo asserts that Timberland's claim for unjust enrichment is barred because Timberland failed to allege that it did not receive what it bargained for under the agreement. To state a claim for unjust enrichment under Illinois law, a plaintiff must allege that the defendant voluntarily accepted a benefit that would be inequitable for him to retain without payment. *People ex rel. Hartigan v. E & E Hauling, Inc.*, 607 N.E.2d 165, 177 (Ill. 1992). Moreover, unjust enrichment claims are based on contracts

implied at law. *Id.* When there is a specific contract that governs the relationship between the parties, the doctrine of unjust enrichment is inapplicable. *La Throp v. Bell Fed. Sav. & Loan Ass'n*, 370 N.E.2d 188, 195 (Ill. 1972).

Echo contends that the claim is insufficiently pled on the basis that Timberland alleges that the termination will permit Echo to obtain the benefit of Timberland's perceived increased sales. It also argues that Timberland alleges the existence of a contract between the parties. Timberland opposes the motion, claiming that the actions of the parties created a franchise, so their actions can be translated as arrangements that are quasi-contractual in nature. Since there is a contract that governs the relationship between Echo and Timberland, Illinois law will not permit a party to recover in quasi-contract. *See People ex rel. Hartigan*, 607 N.E.2d at 177. Accordingly, the court dismisses the unjust enrichment claim.

**III. Breach of Duty of Good Faith and Fair Dealing**

Finally, Echo moves to dismiss Timberland's breach of good faith and fair dealing claim because it is not an independent cause of action under Illinois law. *See Voyles v. Sandia Mortg. Corp.,* 751 N.E.2d 1126, 1131-32 (Ill. 2001). In Illinois, contracting parties are held to an implied duty of good faith and fair dealing. *First Nat'l Bank Corp. v. Sylvester*, 554 N.E.2d 1063, 1069 (Ill. App. Ct. 1990). While this obligation exists in every contract in Illinois, it is mainly used as a construction aid to

determine the intent of the parties in case of conflicting terms. *Resolution Trust Corp. v. Holtzman*, 618 N.E.2d 418, 424 (Ill. App. Ct. 1993).

Timberland does not oppose this portion of Echo's motion. The claim is generally not an independent action in Illinois and Timberland has not offered an allegation stating why we should recognize it here. It is accordingly dismissed.

## CONCLUSION

Based on the foregoing, Echo's motion to dismiss Counts II-IV of the counterclaim pursuant to Fed. R. Civ. P. 12(b)(6) is granted.

*/s/ Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated:   March 5, 2009