**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ECHO, INCORPORATED, | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | Case No.: 08 C 7123 |
| | ) | |
| v. | ) | Consolidated with |
| | ) | Case No.: 09 C 2673 |
| TIMBERLAND MACHINES & | ) | |
| IRRIGATION, INC., | ) | Judge Charles P. Kocoras |
| | ) | |
| Defendant/Counter-Plaintiff | ) | Magistrate Judge Nan R. Nolan |

| | |
|---|---|
| TIMBERLAND MACHINES & | ) |
| IRRIGATION, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| LAWN EQUIPMENT PARTS COMPANY, | ) |
| | ) |
| Third-Party Defendant. | ) |

### LAWN EQUIPMENT PARTS COMPANY'S
### MOTION FOR SUMMARY JUDGMENT

Third-Party Defendant, Lawn Equipment Parts Company ("LEPCO"), by and through its attorneys Steven L. Katz and Jason M. Metnick of Masuda, Funai, Eifert & Mitchell, Ltd., hereby moves this Court pursuant to Federal Rule of Civil Procedure 56 for summary judgment in its favor and against Timberland Machines & Irrigation, Inc. ("Timberland"). In support of its motion, LEPCO states as follows:

1. This Court should enter summary judgment in favor of LEPCO and against Timberland for the reasons set forth in LEPCO's supporting Memorandum of Law, Statement of Undisputed Material Facts and the record incorporated herein.

2. LEPCO is entitled to summary judgment on Count V of Timberland's complaint against LEPCO for tortious interference with contract because Timberland has failed to come forward with evidence to support any of the required elements of its claim. For instance, there is simply no evidence whatsoever that LEPCO induced a breach of the applicable Distributor Agreement between Timberland and Echo, Incorporated ("Echo"). There is also a complete absence of evidence that LEPCO knew that the relationship between Timberland and Echo was anything other than terminable at-will. Moreover, there is no showing by Timberland that LEPCO's conduct was unjustified under law. LEPCO did nothing wrong.

3. LEPCO is also entitled to summary judgment on Count VI of Timberland's counterclaim against LEPCO for unjust enrichment. Again, the record is devoid of any evidence that LEPCO induced Echo to terminate Timberland as a distributor. Moreover, courts hold that a supplier's replacement of a franchisee/distributor with a new distributor does not give rise to a claim by the former franchisee/distributor for unjust enrichment against the supplier or its replacement distributor.

4. LEPCO is further entitled to summary judgment on Count VII of Timberland's counterclaim against LEPCO alleging violation of the Connecticut Unfair Trade Practices Act.

The record contains no evidence demonstrating that LEPCO engaged in unfair or deceptive business practices. At all times LEPCO acted properly.

WHEREFORE, Lawn Equipment Parts Company respectfully requests that the Court enter summary judgment in its favor and against Timberland Machines & Irrigation, Inc. on Counts V, VI and VII of the Complaint and on LEPCO's Affirmative Defenses Nos. 3 and 4.

Dated: October 1, 2010

                                        **LAWN EQUIPMENT PARTS COMPANY**

                                        By: /s/ Steven L. Katz
                                              One of its Attorneys

Steven L. Katz, Esq.
Jason M. Metnick, Esq.
Masuda, Funai, Eifert & Mitchell, Ltd.
203 N. LaSalle Street, Suite 2500
Chicago, Illinois 60601-1262
skatz@masudafunai.com
jmetnick@masudafunai.com
(312) 245-5700
(312) 245-7467

N:\SYS25\1750\LITG\0607 Lawn Equipment Motion for Summ Judgmentfinal.doc