**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ECHO, INCORPORATED, | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | Case No.: 08 C 7123 |
| | ) | |
| v. | ) | Consolidated with |
| | ) | Case No.: 09 C 2673 |
| TIMBERLAND MACHINES & | ) | |
| IRRIGATION, INC. | ) | Judge Charles P. Kocoras |
| | ) | |
| Defendant/Counter-Plaintiff | ) | Magistrate Judge Nan R. Nolan |

| | |
|---|---|
| TIMBERLAND MACHINES & | ) |
| IRRIGATION, INC | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| LAWN EQUIPMENT PARTS COMPANY | ) |
| | ) |
| Third-Party Defendant. | ) |

**ECHO, INCORPORATED'S
MOTION FOR SUMMARY JUDGMENT**

Plaintiff/Counter-Defendant, Echo, Incorporated ("Echo"), by and through its attorneys, Steven L. Katz and Jason M. Metnick of Masuda, Funai, Eifert & Mitchell, Ltd., hereby moves this Court pursuant to Federal Rule of Civil Procedure 56 for summary judgment in its favor and against Defendant/Counter-Plaintiff Timberland Machines & Irrigation, Inc. ("Timberland"). In support of its Motion, Echo states as follows:

A.  **Legal Standard for Summary Judgment**

1.  Summary judgment "is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules." *Celotex Corp. v. Catrett,* 477 U.S. 317, 327

(1986). "In determining whether a genuine issue of material fact exists, courts must construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in favor of that party." *Debs v. Northeastern Ill. Univ.,* 153 F.3d 390, 394 (7th Cir. 1998). A dispute over irrelevant or unnecessary facts does not preclude summary judgment. *Hardin v. S.C. Johnson & Son, Inc.,* 167 F.3d 340, 344 (7th Cir. 1999). With regard to the "genuine issue" requirement, the Supreme Court has emphasized that the party opposing summary judgment may not simply rest on its pleadings, but must provide sufficient evidence such that a reasonable trier of fact could return a verdict for the non-moving party. *Matsushita Elec. Int'l Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).

    B.    <u>**Argument**</u>

2.    The Court should enter summary judgment in favor of Echo for the reasons set forth in its supporting Memorandum of Law, Statement of Undisputed Material Facts and the record incorporated herein.

3.    In short, Echo is entitled to summary judgment on its claim for account stated against Timberland, Count III of Echo's complaint, because Timberland has agreed to a final accounting due after taking credit against said account.

4.    Echo is further entitled to summary judgment in its favor in defense of Count I of Timberland's counterclaim for violation of the Connecticut Franchise Act (the "Act") for two main reasons: (i) Timberland was not "substantially associated" with Echo, one of the required elements of a franchise under the Act; and (ii) even if Timberland could be considered a franchise under the Act, Echo had good cause under applicable law to terminate its relationship with Timberland.

### C. <u>**Conclusion**</u>

WHEREFORE, Echo, Incorporated respectfully requests that the Court enter summary judgment in its favor and against Timberland Machines & Irrigation, Inc. on Count III of the Complaint and Count I of the Counterclaim.

Dated: October 1, 2010

**ECHO, INCORPORATED**

By: /s/ Jason M. Metnick
One of Its Attorneys

Steven L. Katz, Esq.
Jason M. Metnick, Esq.
Masuda, Funai, Eifert & Mitchell, Ltd.
Attorneys for Plaintiff, Echo, Incorporated
203 N. LaSalle Street, Suite 2500
Chicago, Illinois 60601-1262
(312) 245-7500
(312) 245-7467

N:\SYS02\1750\LITG\0607 - Motion for Summary Judgment\Motion for Summary Judgment (FINAL).doc